UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

HASAN ALI ABDUR-RAQIYB, 71-C-0140,

                Plaintiff,

      v.

ERIE COUNTY MEDICAL CENTER (ECMC),
PAMELA DIANE REED, M.D.,
WYOMING COUNTY COMMUNITY HOSPITAL,
TWIN CITY AMBULANCE SERVICES,

                Defendants.
_____

DECISION & ORDER

04-CV-6118L

        Plaintiff in the above-captioned matter has filed, a *pro se* Complaint pursuant to 42 U.S.C § 1983, alleging that defendants violated his constitutional rights by acting deliberately indifferent to his medical needs and by violating his right to free exercise of religion. (Docket # 1). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 44). For the following reasons, plaintiff's motion is denied.

        It is well settled that there is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

        1. Whether the indigent's claims seem likely to be of substance;

>   2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
>   3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
>   4. Whether the legal issues involved are complex; and
>
>   5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that defendants actions were deliberately indifferent to his medical needs and were in violation of his right to free exercise of religion and to be free from cruel and unusual punishment. (Docket # 1). Through the current motion, plaintiff requests the assignment of counsel alleging that: (1) he is in bad health; (2) the issues involved in this matter

are complex; (3) the prison law library is inadequate for case preparation; and (4) he is unable to afford counsel.  (Docket # 44).

Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, I find that the appointment of counsel is not necessary at this time.  Indeed, plaintiff has thus far failed to establish that the case is "likely to be of substance." *Hendricks*, 114 F.3d at 392.  Moreover, the legal issues in this case do not appear to be complex, and plaintiff appears fully able to conduct his own investigation.  Further, plaintiff has not demonstrated that the appointment of counsel would be more likely to lead to a just determination in this matter.  Thus, plaintiff's motion for appointment of counsel **(Docket # 44)** is **DENIED** without prejudice at this time.  It is plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                                s/Marian W. Payson
                                                    MARIAN W. PAYSON
                                              United States Magistrate Judge

Dated: Rochester, New York
        June   20  , 2005.