UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HASAN ALI ABDUR-RAQIYB, 71-C-0140,

        Plaintiff,

    v.

ERIE COUNTY MEDICAL CENTER (ECMC),
PAMELA DIANE REED, M.D.,
WYOMING COUNTY COMMUNITY HOSPITAL,
TWIN CITY AMBULANCE SERVICES,

        Defendants.

<u>DECISION & ORDER</u>

04-CV-6118L

---

        By order dated April 12, 2005, the above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Docket # 39). Plaintiff Hasan Ali Abdur-Raqiyb, an inmate at the Wende Correctional Facility, has commenced this *pro se* action against defendants Erie County Medical Center, Pamela D. Reed, M.D. and Wyoming County Community Hospital under 42 U.S.C. § 1983. (Docket # 1). In his Complaint, plaintiff alleges that defendants were deliberately indifferent to his medical needs and that he was injured as a result. (Docket # 1).

        Currently before this Court are plaintiff's three nearly-identical motions for the appointment of counsel. (Docket ## 66, 71, 114). The issue of appointed counsel has been addressed on three previous occasions in this matter. On April 23, 2004, plaintiff moved for the appointment of counsel on the grounds that the matter was complex in nature and because such appointment would serve the interest of justice. (Docket # 3). The motion was denied without prejudice by United States District Judge William M. Skretny on August 15, 2004, upon his

finding that insufficient information existed in the record to evaluate the merit of plaintiff's claims. (Docket # 8). Plaintiff filed a second motion for appointed counsel on November 17, 2004, alleging an inability to conduct an investigation and depositions. (Docket # 16 ). That motion was denied by United States District Judge David G. Larimer on February 17, 2005. (Docket # 33). Shortly thereafter, a third motion to appoint counsel was filed on May 13, 2005. (Docket # 44). By Decision and Order dated June 20, 2005, this Court denied that motion, finding that the matter did not present complex legal issues and that plaintiff appeared capable of conducting his own investigation. (Docket # 48). For the reasons articulated in each of the previous orders, plaintiff's three pending motions for the appointment of counsel are similarly denied.

As explained in this Court's June 20, 2005 decision, civil litigants do not have a constitutional right to counsel. Broad discretion lies with the court in deciding whether to appoint counsel under 28 U.S.C. § 1915(e) to persons unable to afford representation. *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986) (citing *Miller v. Pleasure*, 296 F.2d 283, 284 (2d Cir. 1961), *cert. denied*, 370 U.S. 964, 82 S. Ct. 1592, 8 L.Ed.2d 830 (1962)); *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984) (finding that decisions on appointment of counsel are clearly within the judge's discretion). The provisions of Section 1915(e) apply to plaintiff's application as he has been granted *in forma pauperis* status by Order dated August 26, 2004. (Docket # 8).

The assignment of counsel must be considered carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir.

1989). Although plaintiff has submitted numerous requests for the appointment of counsel, "available volunteer-lawyer time should not be allocated . . . on the basis of the aggressiveness or tenacity of the claimant." *Id.* at 172. The threshold question in considering a motion for the appointment of counsel should be whether the indigent's underlying claim is likely of substance. *Hodge*, 802 F.2d at 61; *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997). "Even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). If the claim satisfies this first requirement, the court should then consider additional factors, including the indigent's ability to investigate crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the ability of the indigent to present the case, the complexity of the legal issues involved and any special reason why appointment of counsel would be more likely to lead to a just determination. *Hendricks*, 114 F.39 at 392. *See also Hodge*, 802 F.2d at 60-62.

       Little new information is contained in plaintiff's three pending motions for the appointment of counsel.[1] Rather, in his motions filed December 2 and 21, 2005, plaintiff merely states summarily that he suffers from bad health and has difficulty conducting his own investigation. (Docket ## 66, 71). Similarly, plaintiff's most recent motion, dated May 18, 2006, provides the Court with only bare assertions that he was recently diagnosed with diabetes and that his ailment interferes with his ability to proceed with the case. (Docket # 114). Such

---

[1] In one of his motions, plaintiff references medical records produced by defendants that are illegible. (Docket # 66). Counsel for defendants is directed to determine whether the copies that were produced are wholly or partially illegible; if so, legible copies shall be produced promptly to plaintiff.

declarations, unsupported by detailed assertions demonstrating how his condition interferes with his ability to prosecute his claim, are insufficient to warrant appointed counsel.[2]  Moreover, plaintiff has failed to submit any documentation to substantiate his § 1983 claims, and thus he has not demonstrated, as he must, that he is likely to succeed on the merits of the Complaint.  *See Hendricks*, 114 F.3d at 392; *Hodge*, 802 F.2d at 58; *Sanchez v. Messhall's*, 2004 WL 2093554 *2 (S.D.N.Y 2004) (examining the face of the pleadings to evaluate merit of claim); *Stewart v. McMickens*, 677 F. Supp. 226, 228 (S.D.N.Y. 1988) (same).  Finally, the legal issues in this case do not appear to be complex, nor does it appear that the major proof at trial will be dependent upon skillful cross-examination.  *See Hendricks*, 114 F.3d at 392; *Hodge*, 802 F.2d at 58.

Accordingly, plaintiff's motions for the appointment of counsel **(Docket ## 66, 71, 114)** are **DENIED** without prejudice.  It is the plaintiff's responsibility to retain an attorney or continue with this lawsuit *pro se.*  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                   MARIAN W. PAYSON
                                                  United States Magistrate Judge

Dated: Rochester, New York
       June   28  , 2006.

---

[2] In the event that plaintiff is able to come forward with demonstrable evidence that he suffers from an uncorrectable visual impairment that affects his ability to read, plaintiff may bring such evidence to the attention of this Court.  At this stage, he has not done so.